ROBERT L. BLAND, Judge,
dissenting.
The basis of the claim, for which an award is made by majority members of the court, is alleged negligence of one of the governmental agencies of the state. I regret that I am constrained to file this dissenting statement, but as I perceive my duty I am compelled to do so. The claim is considered informally upon a meagre record prepared by the head of the agency involved. It does not appear from such record that “No question of fact or liability is involved.” On the contrary I think very serious questions of both fact and liability are involved. No independent investigation is made by the court. It is provided by statute that the road commission shall inspect all bridges upon state roads. If any bridge is found to be unsafe, the commission shall promptly condemn, close and repair it. Chapter 17, article 4, section 33, code. Was such action taken in the instant case? If not, why not? No such information is afforded by the record. I have fixed notions *83 about the appropriation of the public funds. I think every case presented to this court should be carefully considered by its three members. The report of the legislative interim committee never contemplated that the shortened procedure provision of the court act, provided for small claims, should be used in such a case as presented by the record of this claim.